United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40567
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

GUMERCINDO SALINAS,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:02-CR-189-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

        Gumercindo Salinas appeals from the 12-month prison sentence
imposed following revocation of his term of supervised release.
Salinas contends that the district court violated his due-process
rights by sentencing him "based" on criminal conduct charged in
revocation-warrant violations to which he had pleaded "not true."
Those charges had alleged that he had committed attempted murder
and unlawful restraint against his wife by choking her and
threatening her with a knife in their home.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government correctly contends that Salinas's contention is reviewable only for plain error because Salinas failed to make a due-process challenge in the district court. See United States v. Magwood, 445 F.3d 826, 828 (5th Cir. 2006). To establish plain error, the appellant must show that there is error, that it is "clear" or "obvious," and that it affects both his substantial rights and the integrity of the proceedings. United States v. Thompson, 454 F.3d 459, 464 (5th Cir. 2006), cert. denied, 127 S.Ct. 602 (2006).

Salinas has not made such a showing. Although the district court referred to conduct charged in one of the violations to which Salinas had pleaded not true, it did so only after Salinas had argued, in mitigation of sentence, that his wife had signed a "non-prosecution" affidavit with respect to the attempted-murder and unlawful-restraint charges. The court did not explicitly refer to that information in imposing Salinas's revocation sentence and thus did not indicate that the sentence was in any way "based" on that information. There was thus no "clear" or "obvious" violation of Salinas's due-process rights. See Thompson, 454 F.3d at 464; Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972). Salinas also has not established that the 12-month sentence, which was two months above the guideline range for the violations to which he did plead "true," was plainly unreasonable or unreasonable. See United States v. Hinson, 429

F.3d 114, 119-20 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1804 (2006).

The judgment of the district court is AFFIRMED.